UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROTHERS OF FAITH, INC., and Helen Cho, <br><br> Defendants. | Civ. No. 2:14-0885 (KM)(JBC) <br><br> OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of Plaintiff Howard Johnson International, Inc. ("HJI") for default judgment against Defendants Brothers of Faith, Inc. ("BFI") and Helen Cho, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 26) This action arises from an alleged breach of a licensing agreement. For the reasons set forth below, I will enter a default judgment in the amount of $129,081.47. Post-judgment interest will accrue from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

### I. BACKGROUND

#### a. The License Agreement and Guaranty

HJI is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (Compl. ¶1, ECF No. 1) BFI is a California corporation with its principal place of business in Escondido, California.

1

(*Id.* ¶2) Helen Cho, a California citizen, is a principal of BFI.[1] (*Id.* ¶3)

On or about December 29, 2004, HJI entered into a License Agreement with BFI. (*Id.* ¶9 (citing Ex. A ("Agreement"))) The License Agreement authorized BFI to operate a 70-room Howard Johnson guest lodging facility located at 515 West Washington Avenue, Escondido, California 92025, Site No. 13873-84516-2 (the "Facility"). (*Id.*)

BFI was obligated to operate the Facility for a fifteen-year term. (*Id.* ¶10 (citing Agreement §5))

BFI was required to make certain periodic payments to HJI for "royalties, marketing contributions, taxes, interest, reservation system user fees, and other fees" ("recurring fees"). (*Id.* ¶11 (citing Agreement §§7, 18.1, Schedule C))

BFI was required to pay interest "on any past due amount . . . at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." (*Id.* ¶12 (citing Agreement §7.3))

The License Agreement also required BFI to submit monthly reports to HJI disclosing, *inter alia*, "the amount of gross room revenue earned by BFI at the Facility in the preceding month for purposes of establishing the amount of royalties and other Recurring Fees due to HJI." (*Id.* ¶13 (citing Agreement §3.8)) BFI also agreed to maintain "accurate financial information, including books, records, and accounts," and to allow HJI to "examine, audit, and make copies" of these records. (*Id.* ¶14 (citing Agreement §§3.8, 4.8))

HJI could terminate the License Agreement, upon notice to BFI, if BFI (a) stopped operating the Facility as a Howard Johnson guest lodging

---

[1] BFI's other principal, Aeyong Ahn, was terminated as a party to this lawsuit on February 24, 2015, following HJI's settlement with Ahn. (*See* Stipulation & Order of Dismissal as to Defendant Aeyong Ahn only, ECF No. 21)

2

facility; and/or (b) lost possession or the right to possession of the Facility. (Compl. ¶15 (citing Agreement §11.2))

In the event of litigation, the losing party was required to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party." (Compl. ¶16 (citing Agreement §17.4))

Cho provided HJI with a Guaranty of BFI's obligations under the License Agreement, effective as of the date of the License Agreement. (*Id.* ¶17 (citing Ex. C)) The Guaranty required Cho, upon a default under the License Agreement, to "immediately make each payment and perform or cause [BFI] to perform, each unpaid or unperformed obligation of [BFI] under the [License] Agreement." (*Id.* ¶18 (quoting Ex. C)) Because the License Agreement required the losing party at litigation to pay the other party's costs, the Guaranty made Cho personally responsible for those costs as well. (*Id.* ¶19)

### b. The defaults and termination

On or about February 22, 2012, BFI lost possession of the Facility to a third party. (*Id.* ¶20)

On April 9, 2012, HJI sent a letter to BFI (a) acknowledging BFI's unilateral termination of the License Agreement; and (b) advising BFI of its obligation to pay HJI all outstanding recurring fees through the date of termination. (*Id.* ¶21 (citing Ex. D))

HJI now seeks a judgment against BFI and Cho, jointly and severally, awarding remedies provided for in the License Agreement. Specifically, HJI seeks a total of $129,081.47, comprising (1) $120,081.31 in unpaid recurring fees plus prejudgment interest on those fees; and (2) $9,000.16 in attorneys' fees and costs. (*See* Proposed Order, ECF No. 26-1)

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount

3

in controversy exceeds $75,000. BFI and Cho have consented "to the non-excusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey." (Compl. ¶6, Agreement §17.6.3, Ex. C)

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### III. DISCUSSION

#### a. Adequate Service & Defendants' Failure to Respond

The prerequisites for default judgment have been met: BFI and Cho have been properly served, and each has failed to file an answer or otherwise respond to the Complaint within twenty-one days pursuant to Fed. R. Civ. P. 12(a). The clerk entered default on November 19, 2014.

Service of BFI, a corporate entity, may be made by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1). New Jersey law states in relevant part that service on a corporation may be made:

> by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a

5

> person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6).

Service of the individual defendant, Cho, may be made under the Federal Rules by

> doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

In this case, HJI successfully served BFI on March 13, 2014 and Cho on March 6, 2014. (ECF No. 5) The time to respond to the Complaint has long since expired. On November 19, 2014, the clerk entered default as to both defendants. Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

### b. Gold Kist factors

I must now evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### i. Meritorious defense (*Gold Kist* factor 1)

As to the first factor, my review of the record reveals no suggestion that HJI's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5. Accepting the factual allegations as true, I find that HJI has stated a claim for breach of the License Agreement and the Guaranty.

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).[2]

I am satisfied that HJI has set forth a sufficient claim for breach of contract, and I cannot, from the limited materials before me, see any meritorious defense. HJI has shown the existence of two valid contracts: the License Agreement and the Guaranty. HJI has alleged facts demonstrating that BFI and Cho are bound by the License Agreement and Guaranty; that they are obligated to pay recurring fees; that the License Agreement was terminated when BFI lost possession of the Facility; that BFI and Cho failed to pay outstanding recurring fees prior to and following the termination of the License Agreement; and that HJI has incurred damages as a result of this breach. There are no facts indicating that HJI breached any of its obligations under either the License Agreement or Guaranty.

Therefore, I cannot discern any meritorious defenses to HJI's allegations.

---

[2]   Pursuant to Section 17.6 of the License Agreement (and the Guaranty that incorporates Section 17 of the License Agreement), New Jersey law applies in this diversity action. (Compl. Ex. A, B)

7

> ii. Prejudice suffered by party seeking default & culpability of the parties subject to default (*Gold Kist* factors 2, 3)

The second and third factors also weigh in favor of default. BFI and Cho were properly served on November 19, 2014, but have failed to appear and defend themselves in any manner. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id.* And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on the record is that BFI and Cho breached their obligations under the License Agreement and the Guaranty; that they, not HJI, were culpable for the breach; and that HJI was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### c. Remedies

HJI seeks two specific types of compensation, totaling $129,081.47. Specifically, HJI seeks: (1) $120,081.31 for unpaid recurring fees plus prejudgment interest at the contractual rate; and (2) $9,000.16 for attorneys' fees and costs. (Proposed Order, ECF No. 26-1)

HJI has submitted documentary evidence in support of its demands, while BFI and Cho have, obviously, submitted nothing. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant HJI's request for recurring fees, as set forth in Sections 7 and 18.1 and Schedule C of the License Agreement. (Fenimore Aff. ¶5[3]) HJI has documented recurring fees in the amount of $120,081.31, which includes interest at a rate of 1.5% per month calculated through June 16, 2015.[4] (*See id.* ¶16 (citing Ex. E (itemized statement of recurring fees)))

As to attorneys' fees and costs, I adopt HJI's analysis. HJI has adequately documented its attorneys' fees, which do not seem unreasonable or disproportionate. (*See* Agreement §17.4 (giving prevailing party the right to recover reasonable attorneys' fees); Fenimore Aff. ¶17; Couch Cert.[5] ¶¶9, 11, Ex. B). I will enter a judgment that includes $7,800.00 in attorneys' fees and $1,200.16 in costs, for a total of $9,000.16.

---

[3] Fenimore Aff. = Affidavit of Suzanne Fenimore, dated June 18, 2015, submitted in support of HJI's motion for default judgment, ECF No. 26-3.

[4] As stated in n.1, HJI settled its dispute with BFI's other principal, Aeyong Ahn. (*See* Stipulation & Order of Dismissal as to Def. Aeyong Ahn only, ECF No. 21) Accordingly, HJI has reduced the amount of recurring fees it seeks by the full amount of the settlement monies it received from Ahn. (Fenimore Aff. ¶16 n.2)

A plaintiff might seek liquidated damages under a license agreement to compensate it for any recurring fees lost as a result of the premature termination of a license agreement. (Agreement §12). In this case, HJI has instead documented some of the actual recurring fees it lost following the termination of the agreement. I therefore award HJI damages for recurring fees after February 22, 2012 (the termination date).

[5] Couch Cert. = Certification of Bryan P. Couch, dated June 18, 2015, submitted in support of HJI's motion for default judgment, ECF No. 26-2.

## IV. CONCLUSION

For the foregoing reasons, a default judgment will be entered in favor of Plaintiff Howard Johnson International, Inc., in a total amount of $129,081.47, to be paid to Plaintiff, along with post-judgment interest from this date at the appropriate rate pursuant to 28 U.S.C. § 1961.

An appropriate order will be entered in accordance with this Opinion.

Dated: July 28th, 2015

_____
**Kevin McNulty**
**United States District Judge**